

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-78,112-01

### EX PARTE HECTOR TORRES GARCIA

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### FROM CAUSE NO. CR-1522-89-G IN THE 370TH DISTRICT COURT
### HIDALGO COUNTY

*Per curiam.*

### OPINION

This is a post-conviction application for a writ of habeas corpus filed pursuant to

the provisions of Article 11.071.[1]

In July 1990, a jury found applicant guilty of the offense of capital murder. The

jury answered the special issues submitted pursuant to Article 37.071, and the trial court,

accordingly, set applicant's punishment at death. This Court affirmed applicant's

---

[1] All references to articles refer to the Texas Code of Criminal Procedure unless otherwise stated.

conviction and sentence on direct appeal. *Garcia v. State*, 887 S.W.2d 862 (Tex. Crim. App. 1994), *cert. denied*, 514 U.S. 1021 (1995). Applicant filed this his initial post-conviction application for a writ of habeas corpus in the convicting court on August 29, 1997, raising nine claims containing numerous sub-claims alleging ineffective assistance of counsel and challenging the validity of applicant's conviction and sentence on other grounds. Applicant filed his second and third habeas applications, which he labeled "Supplemental" and "Subsequent," in the trial court on March 31, 2009. The district clerk forwarded all three applications to this Court over three years later, and the Court received them on September 17, 2012.

On June 5, 2013, this Court issued an order remanding applicant's initial writ to the trial court to "resolve the issues raised by any means it deem[ed] appropriate." Applicant's trial attorneys executed affidavits in 2014 addressing their failure to timely and properly object and request a limiting instruction regarding the State's use of co-conspirator Eduardo Morales' prior inconsistent statement at applicant's trial (the subject of applicant's Claim V). The attorneys stated that their omissions were not the result of trial strategy.

The habeas judge held an evidentiary hearing and admitted applicant's attorneys' affidavits and other evidence. The judge signed findings of fact and conclusions of law, which had been stipulated to by both parties. In those findings and conclusions, the judge found meritorious applicant's Claims V and VI of his initial writ application. The judge

recommended that this Court grant applicant relief in the form of a new punishment hearing. The judge did not reach the merits of applicant's other claims in this writ application.

We agree with the habeas court's finding that, in his Claim V, applicant alleged facts that would entitle him to punishment phase relief pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). We hold that applicant is entitled to relief in the form of a new punishment hearing. We deny relief regarding the remainder of applicant's claims. Further, we decline to adopt the habeas court's findings number 54, 66, 67, 68, and 69.

Filed: December 16, 2015

Do Not Publish